Filed 3/15/22  P. v. Conley CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RONALD CONLEY,<br><br>    Defendant and Appellant. | B311522<br><br>(Los Angeles County Super. Ct. No. YA046293) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez, Deputy Attorney General, and Scott A. Taryle, Supervising Deputy Attorney General, for Plaintiff and Respondent.

A jury found defendant and appellant Ronald Conley (defendant) guilty of first degree murder and several counts of premeditated attempted murder for his participation in a gang-related drive-by shooting. The jury also found true a drive-by shooting special circumstance allegation (Pen. Code,[1] § 190.2, subd. (a)(21)), and the trial court accordingly sentenced defendant to life in prison without the possibility of parole.

Many years after his conviction, defendant petitioned for resentencing under section 1170.95. Without first appointing counsel for defendant, the trial court denied the petition. The court found defendant was ineligible for relief as a matter of law because the jury, in finding the drive-by shooting special circumstance true, necessarily determined defendant harbored express malice in committing the murder. Defendant noticed an appeal from the trial court's denial of his section 1170.95 petition, and this court granted the Attorney General's request to judicially notice the record from defendant's earlier direct appeal of his convictions—including the instructions given to the trial jury.

All parties agree the failure to appoint counsel for defendant was error under recent California Supreme Court authority. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) We hold the error was harmless, however, because defendant is ineligible relief as a matter of law: his trial jury was not instructed on principles of felony murder, murder under the natural and probable consequences doctrine, or any other theory of imputed malice; and the unavailability of these theories of

---

[1] Undesignated statutory references that follow are to the Penal Code.

guilt makes defendant ineligible for section 1170.95 relief.[2] (§ 1170.95, subd. (a); *People v. Daniel* (2020) 57 Cal.App.5th 666, 677; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835 ["[I]f the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories"]; see also *Lewis*, *supra*, 11 Cal.5th at 974.)

Our disposition of the appeal is accordingly this: the trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

RUBIN, P. J.

KIM, J.

---

[2] Solely in the interest of judicial economy, we find it unnecessary to discuss the effect of the jury's true finding on the drive-by shooting special circumstance allegation.